IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL**
 f/k/a/ John L. Burton,
       Petitioner,

vs.                                Case No. 3:06cv326/LAC/MD

**LUCY HADI, Secretary,**
 Florida Department of Children and Families,
       Respondent.

---

**ORDER and
REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), and motions to proceed *in forma pauperis* (docs. 2 & 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed.

In this habeas action, petitioner challenges his 2001 civil commitment under the Florida Sexually Violent Predator statute known as the Jimmy Ryce Act (the "Ryce Act"),[1] entered in the Circuit Court of Escambia County Florida, case number 99-1507. Petitioner's commitment was pursuant to a settlement agreement. (Doc. 1, p. 1). He now seeks to challenge that commitment on the following grounds:

    1. Respondent has breached the terms of the settlement agreement in that: (a) respondent continues to "manufacture" incident reports against petitioner, and these reports, combined with the seclusion periods which accompany

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910 (2001). A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.*, § 394.917.

them, prevent petitioner from participating in treatment; (b) respondent has required petitioner to remain incident-free for 90 days before returning to treatment, and (c) the facility at which petitioner is confined, Florida Civil Commitment Center ("FCCC"), lost its contract with the Florida Department of Children and Families due to mismanagement.

**2.** Respondent's seclusion practices are unconstitutional and excessive in that petitioner has been confined in secure management for as long as eighteen months, and the maximum time a clinical staff can seclude a FCCC resident is four hours.

**3.** Respondent's employment of one hundred forty two Florida Department of Corrections officials to man the FCCC facility during a one-year transition period "proves the Jimmy Ryce Statute is unconstitutional" because FDOC guards perform all functions at the facility including dorm supervision, escorts to programming functions, feeding, showering, etc. "FDOC also implores [sic] 'show of force' measures on civil detainees and terror intimidation tactics in violation of *Seling v. Young*, 531 U.S. 250 (2001)."[2]

(Doc. 1, pp. 4-5). As relief, petitioner seeks release, an order enjoining respondent from secluding residents at FCCC for more than four hours at a time, and a declaratory judgment declaring that the employment of FDOC guards "constitutes a violation of *Seling v. Young*, 531 U.S. 250 (2001) principles." (Doc. 1, p. 6).

To the extent petitioner challenges the validity of his civil commitment (*i.e.*, the legality of the custody itself) and seeks immediate release, his claim arises under habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, the habeas corpus statute provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant

---

[2]Petitioner appears to be arguing that the Jimmy Ryce Act is punitive. In *Seling v. Young*, 531 U.S. 250, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001), a case brought under 28 U.S.C. § 2254, the United States Supreme Court considered a sexually violent predator's ("SVP's") "as applied" constitutional challenge -- on double jeopardy and *ex post facto* grounds -- to Washington State's sexually violent predator statute based on the conditions of his confinement (the petitioner claimed that the conditions of his confinement were too restrictive, that they were incompatible with treatment, and that the system was designed to result in indefinite confinement). *Id.*, at 262, 121 S.Ct., at 734-35. Rejecting as unworkable a scheme where an SVP statute's punitive intent would be evaluated on an "as applied" basis, the Court held that Washington State's legislative and judicial determination that its sexually violent predator statute was civil rather than criminal precluded the "as applied" double jeopardy and *ex post facto* challenges. The Court noted that Seling's claims "were in many respects like the claims presented to the Court in [*Kansas* v.] *Hendricks*, [521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)], where we concluded that the conditions of confinement were largely explained by the State's goal to incapacitate, not to punish." *Id.*, at 262, 121 S.Ct., at 735.

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).

This court takes judicial notice of its own records in *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD. There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his civil commitment. The petition was denied. (*Id.*, docs. 197, 205 & 206). Petitioner appealed. On June 7, 2005 the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denied petitioner's motion for certificate of appealability and dismissed his appeal. (*Id.*, doc. 258). Petitioner later applied to the Eleventh Circuit for leave to file a second or successive habeas petition. (*Id.*, doc. 266).[3] The Eleventh Circuit denied the application on August 12, 2005. (*Id.*). Petitioner then filed another application in the Eleventh Circuit requesting leave to file a second or successive habeas petition. *See In re Jamaal Ali Bilal*, No. 06-11662-F (11th Cir. Mar. 31, 2006) (copy at doc. 1, Attach.). The Eleventh Circuit denied the application on March 31, 2006. (*Id.*). The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir.), *cert. denied*, 536 U.S. 980, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002).

Moreover, pursuant to § 2254, a petition for writ of habeas corpus should ordinarily not be granted unless the applicant has exhausted his state judicial remedies (*i.e.*, the petitioner must first present to the state courts each issue upon which he seeks review in federal court). 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). Here, petitioner admits on the petition form that he has not presented his claims to the state courts,

---

[3]*See also* http://pacer.ca11.uscourts.gov/dktno.htm.

*Case No: 3:06cv326/LAC/MD*

and requests that the court excuse him from the exhaustion requirement. (Doc. 1, pp. 4-5).

To the extent petitioner's claims concern the conditions of his confinement as opposed to the fact thereof, such claims do not state a habeas corpus cause of action; rather, they may be a civil rights cause of action under 42 U.S.C. § 1983. *See McKinnis v. Moseley*, 693 F.2d 1054 (11th Cir. 1982).

Accordingly, it is ORDERED:

Petitioner's motions for leave to proceed *in forma pauperis* (docs. 2 & 5) are GRANTED for the limited purpose of dismissal of this action.

And it is respectfully RECOMMENDED:

That this action be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to close the file.

At Pensacola, Florida this 25th day of August, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).